**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| EX REL EVARISTUS MACKEY, : <br> Federal Reg. No. 26836-034, : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA : <br> FEDERAL PROSECUTOR : <br> OFFICE, EASTERN DISTRICT OF <br> LOUISIANA, et al., <br> Defendants. | CIVIL ACTION NO. <br> 1:13-CV-3811-TWT-JSA |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner incarcerated at the United States Penitentiary in Atlanta, Georgia, has filed what he has styled as a *Bivens* action pursuant to 28 U.S.C. § 1331. In the complaint, however, Plaintiff essentially challenges his convictions and sentences in the Eastern District of Louisiana, and all of the Defendants are located in that district.

Without going into all of the details of Plaintiff's protracted litigation history, Plaintiff has attempted to challenge his convictions and sentences so many times in the federal courts in the Fifth Circuit that in 2011 the Fifth Circuit sanctioned Plaintiff and barred him from filing any more challenges to his convictions. *See Mackey v. United States*, Appeal No. 11-30482 (5th Cir. August

31, 2011) (PACER).[1]  Moreover, this case is not the first time that Plaintiff has sought relief outside his home forum in an attempt to engage in forum shopping. Indeed, on at least four occasions, Plaintiff unsuccessfully has attempted to challenge his convictions through a § 2241 habeas petition in district courts outside of Louisiana.  *See Mackey v. Berkebile*, No. 7-12-CV-77, 2012 WL 5362283 (E.D. Ky. Oct. 31, 2012); *Mackey v. Berkebile*, No. 7-12-CV-10-KSF (E.D. Ky. Sept. 25, 2012); *Mackey v. Holder*, Civil Action No. 3:CV-10-2326, 2011 WL 332491, at *3 (M.D. Pa. Jan. 31, 2011) (observing that Plaintiff "seeks habeas relief simply because he was displeased by the fact of his conviction.  Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction."); *Mackey v. Smith*, Civil Action

---

[1] Specifically, the Fifth Circuit's Order states that:  "Mackey's instant motion, which is without arguable merit and therefore frivolous, demonstrates that he has failed to heed our prior warning that unauthorized, repetitive, and frivolous motions could result in sanctions. . . . Accordingly, he is ORDERED to pay a sanction in the amount of $100 to the Clerk of this Court, and he is BARRED from filing in this court or in any court subject to this Court's jurisdiction any challenge to this conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge.  Mackey is again CAUTIONED that filing any future frivolous, repetitive, or otherwise abusive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.

31, 2011) (PACER).[1]  Moreover, this case is not the first time that Plaintiff has sought relief outside his home forum in an attempt to engage in forum shopping. Indeed, on at least four occasions, Plaintiff unsuccessfully has attempted to challenge his convictions through a § 2241 habeas petition in district courts outside of Louisiana.  *See Mackey v. Berkebile*, No. 7-12-CV-77, 2012 WL 5362283 (E.D. Ky. Oct. 31, 2012); *Mackey v. Berkebile*, No. 7-12-CV-10-KSF (E.D. Ky. Sept. 25, 2012); *Mackey v. Holder*, Civil Action No. 3:CV-10-2326, 2011 WL 332491, at *3 (M.D. Pa. Jan. 31, 2011) (observing that Plaintiff "seeks habeas relief simply because he was displeased by the fact of his conviction.  Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction."); *Mackey v. Smith*, Civil Action

---

[1] Specifically, the Fifth Circuit's Order states that:  "Mackey's instant motion, which is without arguable merit and therefore frivolous, demonstrates that he has failed to heed our prior warning that unauthorized, repetitive, and frivolous motions could result in sanctions. . . . Accordingly, he is ORDERED to pay a sanction in the amount of $100 to the Clerk of this Court, and he is BARRED from filing in this court or in any court subject to this Court's jurisdiction any challenge to this conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge.  Mackey is again CAUTIONED that filing any future frivolous, repetitive, or otherwise abusive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.

AO 72A
(Rev.8/82)

No. 3:CV051087, 2005 WL 1413241 (M.D. Pa. June 16, 2005). This latest attempt to contest his convictions by filing a *Bivens* action in this Court appears to be Plaintiff's way of trying to circumvent the Fifth Circuit's decision to bar him from filing any further challenges in the Fifth Circuit's jurisdiction.

Regardless of the style of his complaint, however, venue is not proper in this court. If the complaint truly was a *Bivens* action, Plaintiff should have brought it in the Eastern District of Louisiana – *i.e.*, where "any defendant resides" and/or "where a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b).[2] If, as discussed above, it is a habeas action couched as a *Bivens* complaint, Plaintiff still should have brought it in the Eastern District of Louisiana. *See* 28 U.S.C. § 2255(a). In either case, this Court does not find it to be in the interest of justice to transfer the instant action to the Eastern

---

[2] The Court also notes that to the degree that Plaintiff seeks damages, he would be barred from any such relief because success on his claims would imply the invalidity of his convictions and current imprisonment. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (stating that a prisoner's civil action "is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that "if a judgment in favor of a plaintiff would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

3

District of Louisiana rather than to dismiss it.  *See*  28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

**IT IS THEREFORE RECOMMENDED** that the complaint be **DISMISSED** for lack of venue and/or lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 12th day of December, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)